## FLAGLER v. NEWCOMBE.

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. ENFORCEMENT OF JUDGMENT—INJUNCTION.
   After recovery of judgment on a note against the maker, E., and the indorser, F., and levy of execution under it on goods of E., E. gave a check, signed by his attor- ney, N., to the judgment creditor, and received from the creditor an assignment of the judgment; and the sheriff abandoned the levy, and returned the execution unsatisfied. Thereafter N. sought to collect it from F. In an action by F. to re- strain such collection, there was evidence that the money paid for the assignment of the judgment was advanced by N. for the benefit of E.; that the property levied on was enough to satisfy the judgment; that the withdrawal of the levy was by authority of N.; and that F. was an accommodation indorser for E. of the note. *Held,* that the enforcement of the judgment against F. should be restrained.

2. EVIDENCE—DECLARATIONS.
   In such action, in view of the relation between N. and E., and the evident concert between them for the enforcement of the judgment, declarations of E., in prosecu- tion of their purpose, were competent evidence against N.

Appeal from equity term.

Action by John H. Flagler against Richard S. Newcombe, to restrain en- forcement of a judgment. Defendant appeals from a judgment for plaintiff entered on trial by the court without a jury. On the trial at special term, the following opinion was rendered by ALLEN, J.:

"On the 4th day of June, 1885, one Eugene M. Earle made his promissory note for $1,000, dated on that day, payable to his own order six months after date; this note was indorsed by Earle, and also by the plaintiff Flagler, and was thereafter delivered to one William H. Townley for value. The note was not paid at maturity, and on the 16th day of December, 1885, Townley obtained judgment on said note in the city court of New York against both Earle and Flagler; and on the same day an execution on said judgment was issued to the sheriff, and a levy made thereunder upon the goods, stock in trade, and fixtures in the store of said Earle, at No. 233 Fifth avenue, in this city. This stock consisted of harnesses, saddlery, and similar goods, of con- siderable value, and of a value, over all incumbrances, shown to be largely in excess of the amount of the said judgment. On the 18th day of December, 1885, after the sheriff had been in charge of the property by virtue of his

levy for two days, Earle gave to the judgment creditor a certified check, signed by the defendant Newcombe, for the amount of the judgment, and received an assignment of the judgment, and a receipt, as follows:

"' *Townley* vs. *Earle et al.*

"'NEW YORK, December 18, 1885.

"'Received of R. S. Newcombe, Esq., attorney for defendant Earle, ten hundred and twenty-three and 70-100 dollars, in full of the amount due on the judgment in the above-entitled action, for which I have delivered an assignment of said judgment; said Newcombe to pay the sheriff's fees on execution.

[Signed]     "' W. H. TOWNLEY.'

"Thereafter, and on the same day, the sheriff, acting, as he claims, under the orders of Mr. Cardozo, the partner of the defendant, abandoned the levy, and subsequently returned the execution unsatisfied, at the request of Newcombe & Cardozo. Afterwards, Mr. Newcombe, as assignee of said judgment, issued an execution, and sought to enforce the collection thereof from the plaintiff, Flagler, and this action was brought to enjoin such collection. It is claimed by the plaintiff that he is entitled to judgment upon two grounds: *First*, that the judgment was paid by Earle or for his benefit, and plaintiff, as indorser, was therefore released from liability; and, *second*, that the release of the levy upon Earle's goods extinguished the judgment against Flagler. There is a controversy upon the matters of fact which bear upon the ground first above mentioned. The defendant claims that Flagler received value for his indorsement, and plaintiff insists that he was a mere accommodation indorser. The preponderance of testimony and the probabilities of the case indicate that Flagler was an accommodation indorser of the note. That the payment, by the maker of a note, of a judgment against him and his indorser, is a satisfaction of the whole judgment, is elementary. If the judgment, therefore, was paid by Earle with his own money, or with money borrowed from Newcombe, Flagler was released from all liability. The burden of proof was upon the plaintiff to establish this proposition, and there is not such a preponderance of proof that the defendant did not buy the judgment for himself, and in his own right, with his own money, as he has testified, as would justify me in finding, as a matter of fact, that the judgment was paid by Earle, either with his own money, or money borrowed from Newcombe. I think, however, that the case is with the plaintiff upon the other ground. A levy was made by Townley, Newcombe's predecessor in title, upon a valuable stock of goods and fixtures belonging to Earle. Two days after the levy, while the sheriff was in possession of the property, the judgment creditor assigned the judgment to Newcombe, and the levy was immediately abandoned, without attempting to obtain from the property seized the amount of the judgment. The goods of Earle, seized by the sheriff, were undoubtedly sufficient to satisfy the judgment, and the judgment creditor was bound to pursue and exhaust the remedy he had begun, and the abandonment by him acted as a discharge of the judgment as to Flagler. Upon the assignment of the judgment to Newcombe the levy was immediately abandoned. The sheriff testified that he received his instructions to release the levy from Mr. Cardozo, Mr. Newcombe's partner. It is true that Mr. Newcombe testifies that he did not authorize any one to direct the sheriff to abandon the levy. Mr. Cardozo was not called as a witness; but it would seem to be immaterial whether the abandonment was authorized by Mr. Newcombe or not. The unauthorized act of the sheriff would produce the same result, and the remedy would be against him. So it seems to me, upon the established facts, that, so far as the plaintiff in this case is concerned, the defendant, by his own acts, or those of the sheriff, by the release of his levy, has lost his remedy. *Voorhees* v. *Gros*, 3 How. Pr. 262; *Green* v. *Burke*, 23 Wend. 501; *Fraley* v. *Steinmetz*, 22 Pa. St. 437; *Ladd* v. *Blunt*, 4 Mass. 402; *Hunt* v. *Breading*,

14 Amer. Dec. 665. Judgment is ordered for the plaintiff accordingly, with costs."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Donohue, Newcombe & Cardozo,* (*A. R. Dyett,* of counsel,) for appellant. *Sullivan & Cromwell,* (*W. T. Curtis* and *Alfred Jaretzki,* of counsel,) for respondent.

PER CURIAM. Upon a careful examination of the case, we are satisfied that the findings of fact and the conclusions of law by the learned trial judge are well warranted, and that no error was committed on the trial to the prejudice of appellant. The evidence was sufficient to authorize the inference that the money paid for the assignment of the judgment was advanced by defendant for the benefit of Earle; that the property levied on was enough to satisfy the judgment; that the withdrawal of the levy was by authority of defendant; and that Flagler was an accommodation indorser for Earle of the note on which the judgment was obtained. The relation between defendant and Earle, and the evident concert between them for enforcement of the judgment, make the declarations of Earle, in prosecution of their purpose, competent evidence against defendant. The judgment should be affirmed, with costs.